**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **FOR PUBLICATION** |
| | Case No. 15-12690 (MG) |
| ADVANCE WATCH COMPANY, LTD., *et al.*, | Chapter 11 |
| Debtor. | Jointly Administered |
| PETER KRAVITZ, as Creditor Trustee of the Creditor Trust of Advance Watch Company, Ltd., | |
| Plaintiff, | Adv. Pro. No. 17-01137 (MG) |
| v. | |
| DEACONS, | |
| Defendant. | |
| PETER KRAVITZ, as Creditor Trustee of the Creditor Trust of Advance Watch Company, Ltd., | |
| Plaintiff, | Adv. Pro. No. 17-01155 (MG) |
| v. | |
| WHEELER CORPORATION LTD., | |
| Defendant. | |
| PETER KRAVITZ, as Creditor Trustee of the Creditor Trust of Advance Watch Company, Ltd., | |
| Plaintiff, | Adv. Pro. No. 17-01159 (MG) |
| v. | |
| DISPLAY & PACKAGING LTD., | |
| Defendant. | |

# MEMORANDUM OPINION GRANTING
# MOTIONS FOR DEFAULT JUDGMENTS

*A P P E A R A N C E S:*

ASK LLP
*Counsel for Plaintiff*
151 West 46th Street, 4th Floor
New York, NY 10036
By:   Brigette G. McGrath, Esq.

2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
By:   Joseph L. Steinfeld, Jr., Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court are three motions for entry of default judgements (collectively, the "Motions") filed in three adversary proceedings (the "Adversary Proceedings") in the bankruptcy case of Advance Watch Company Ltd. and its affiliated debtors and debtors in possession (the "Debtors") by Peter Kravitz, as Creditor Trustee of the Creditor Trust of Advance Watch Company Ltd. (the "Plaintiff").  The defendants in these Adversary Proceedings are Deacons, Wheeler Corporation Ltd. ("Wheeler"), and Display & Packaging Ltd. ("Display") (collectively, the "Defendants").  The Defendants are companies residing in and subject to the laws of Hong Kong.  The Plaintiff seeks to avoid and recover preferential transfers between the Debtors and the Defendants under sections 547 and 550 of the Bankruptcy Code that occurred during the ninety-day period prior to the commencement of the bankruptcy cases on September 30, 2015.  Because none of the Defendants have answered or otherwise appeared in any of these cases, the Plaintiff has moved for entry of default judgements against each of them.

The factual and legal issues implicated in these Motions are similar.  The Motions raise the same issue whether a bankruptcy court may enter a final default judgment in an adversary

2

proceeding in which the foreign defendant failed to respond to the summons and complaint. The facts relevant to the analysis in these Adversary Proceedings are similar. Each of the Defendants has its domicile in Hong Kong. In each case, the Plaintiff served the summons and complaint by causing the bailiff's assistant of the High Court of Hong Kong to personally serve each Defendant at its Hong Kong address. The Clerk's certificate of default, the motion for entry of a default judgment, and the notice of presentment were thereafter served on each of these Defendants in Hong Kong by U.S. Mail. Because service of the pleadings in each case was done in the same way, the Court will only discuss whether it may enter a default judgment in the first case listed in the caption—*Kravitz v. Deacons* (Adv. Proc. No. 17-01137) (the "Adversary Proceeding"). The Court's reasoning and conclusions apply to the other two pending Adversary Proceedings as well.[1] The Court concludes that it may order entry of a final default judgment against each of the Defendants because each Defendant was properly served with, but failed to respond to, the summons and complaint; the subsequent documents related to the motion for entry of default judgement were also properly served on each of the Defendants by U.S. Mail.

## I.     BACKGROUND

On September 28, 2017, the Plaintiff filed a complaint (the "Complaint," ECF Doc. # 1) against Deacons (the "Defendant") to avoid and recover transfers of property. On October 30, 2017, the Plaintiff filed an amended complaint (the "Amended Complaint," ECF Doc. # 3), and the *Foreign Summons and Notice of Pretrial Conference in an Adversary Proceeding* (the "Summons," ECF Doc. # 4) was issued. Proof of service of the Summons and Amended Complaint was filed on February 21, 2018. (ECF Doc. # 7 (the "First Certificate of Service"); ECF Doc. # 8 at 6–7 (the "Affirmation of Service").) The bailiff's assistant of the Hong Kong

---

[1]     Therefore, references to "ECF Doc. # _" refers to the electronic docket in Adv. Pro. No. 17-01137.

3

High Court served the Summons and Amended Complaint upon the Defendant in Hong Kong on December 28, 2017, and the Defendant's secretary voluntarily accepted service. (*See* Affirmation of Service.) No counsel appeared for Deacons in this case, and no response to the Amended Complaint was ever filed.

On April 18, 2018, the Plaintiff filed a request for entry of a certificate of default by the Clerk of the Bankruptcy Court (the "Request for Default," ECF Doc. # 8). The Clerk issued the certificate of default on April 19, 2018 (the "Certificate of Default," ECF Doc. # 9), and proof of service of the Certificate of Default on the Defendant was filed on April 21, 2018 (the "Certificate of Notice," ECF Doc. # 10). The Plaintiff served the Clerk's Certificate of Default on the Defendant at its address in Hong Kong by first class mail. (*See id.*) The Defendant still failed to respond to the Amended Complaint or otherwise seek to vacate the Certificate of Default.

On April 30, 2018, the Plaintiff filed a motion, supported by the declaration of Kara E. Casteel, Esq., counsel for the Plaintiff (the "Declaration," ECF Doc. # 12-1), for entry of default judgment in the amount of $15,006.99 as of April 30, 2018, including interest and costs, with interest continuing to accrue (the "Motion," ECF Doc. # 12). On the same day, the Plaintiff also filed the notice of presentment of order for default judgement (the "Notice of Presentment," ECF Doc. # 11). Proof of service of the Motion, Declaration, and Notice of Presentment on the Defendant by regular mail was filed on April 30, 2018. (*See* ECF Doc. # 13 (the "Second Certificate of Service").) No response was filed by the Defendant.

## II.    DISCUSSION

When a defendant fails to respond to a properly served complaint in an adversary proceeding, the plaintiff may move for entry of a default judgment on the claim. The procedure

4

for seeking a default judgment is set forth in Fed. R. Bankr. P. 7055, which incorporates Fed. R. Civ. P. 55. Pursuant to Rule 55(a), the Bankruptcy Court Clerk "must enter [a] party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). If a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the Clerk must enter judgment against the defaulting party in the amount of the claim. FED. R. CIV. P. 55(b)(1). Rather than asking the Clerk to enter default judgment, the plaintiff can also move for the bankruptcy judge to do so. FED. R. CIV. P. 55(b)(2).

In *Exec. Sounding Bd. Assoc. v. Advanced Mach. & Engineering Co. (In re Oldco M. Corp.)*, 484 B.R. 598 (Bankr. S.D.N.Y. 2012), the Court analyzed whether a bankruptcy court has the authority to order entry of a final default judgment in an adversary proceeding where the defendant failed to respond to the summons and complaint. Relying on Supreme Court and Second Circuit precedent, the Court held that "implied consent is a proper basis for upholding the exercise of authority of a bankruptcy judge to enter a final order or judgement." *Id.* at 609 (citations omitted). The Court concluded that "the failure to respond to a properly served adversary complaint constitute[s] implied consent to the entry of a final judgment by a bankruptcy judge," such that "a bankruptcy judge has the constitutional authority to enter a final default judgement when the defendant fails to respond to the complaint." *Id*. at 612. The implied consent was premised on the summons providing "clear[] language warning of the consequences of failing to respond to the adversary complaint." *Id.* at 601. The standard language in the summons provides as follows, in bold type and capital letters:

> **IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND**

5

**JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

*Id.* at 601.

The Court explained:

> Where a summons and complaint have been properly served and the defendant has failed to respond, the Court concludes that the defendant's actions, or lack thereof, (1) serve as an admission of the material allegations of the complaint except as to the amount of damages, and (2) constitute implied consent to the entry of a default judgement by a bankruptcy judge. The answer is the same whether the claims asserted in the adversary complaint are core, non-core, or core but for which an Article III judge may enter a final order or judgment consistent with the U.S. Constitution absent consent. Additionally, where the plaintiff seeks only a sum certain or a sum that can be made certain by computation, the Clerk of the bankruptcy court may enter the final default judgment without any action by a judge.

*Id.* at 614–15 (internal quotation marks omitted) (citing FED. R. CIV. P. 8(B)(6)).

The Court then turned to the facts of the case and granted the plaintiff's motion for entry of a default judgement. *Id.* at 615. The Court observed that the defendant had been properly served with the summons and complaint, which "clearly . . . told the consequences of failing to timely respond to the complaint," and because the defendant failed to do so, the defendant "evinced clear and knowing, although implied, consent to this Court's entry of a default judgement." *Id.* The Court also made sure that, following service of the summons and complaint, the defendant was properly served with the certificate of default entered by the Clerk of the Bankruptcy Court, and with the plaintiff's motion and supporting declaration for entry of default judgement by the Court. *Id.* at 600–01.

The Court's opinion in *Oldco M. Corp.* preceded the Supreme Court's decision in *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). *Wellness* resolved an important issue remaining after the Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), whether an Article I bankruptcy judge may enter a final order or judgment with respect to non-core and

6

so-called *Stern* claims (*i.e.,* statutorily core, but requiring an Article III judge to enter final orders or judgment), based on waiver by or consent of the parties. *Wellness* held that "allowing bankruptcy litigants to waive the right to Article III adjudication of *Stern* claims does not usurp the constitutional prerogatives of Article III courts." *Id.* at 1945–46. The Court further explained that "litigant consent has been a consistent feature of the federal court system since its inception." *Id.* at 1947. And consent need not be express. *Id.* at 1948 n.13. Bankruptcy court decisions after *Wellness* have applied *Oldco M. Corp.* and concluded that bankruptcy judges may enter default judgments based on implied consent resulting from a defendant's failure to respond to a summons and complaint. *See, e.g., Campbell v. Carruthers (In re Campbell)*, 553 B.R. 448, 452–53 (Bankr. M.D. Ala. 2016); *Hopkins v. M & A Ventures, dba Hiwide Transp. Ltd. (In re Hoku Corp.)*, AP No. 15-08043-JDP, 2015 WL 8488949, at *1–2 (Bankr. D. Idaho 2015). Like other post-*Wellness* decisions, the Court continues to believe that the analysis in *Oldco M. Corp.* is correct, permitting the Court to enter default judgments in all adversary proceedings in which a defendant has failed to respond to a properly served summons and complaint.

Consistent with this Court's opinion in *Oldco M. Corp.*, the Court may grant the Plaintiff's Motion for default judgement against Deacons if (i) the Summons and Amended Complaint, (ii) the Certificate of Default; (iii) the Motion, Declaration, and Notice of Presentment were properly served on Deacons; and (iv) the Plaintiff's Motion is for a sum certain or a sum that can be made certain by computation.

Because Deacons and the other two Defendants in these adversary proceedings are all domiciled in Hong Kong, entry of default judgments depends on proper service having been made on the Defendants. The Plaintiff had to comply with federal and international rules pertaining to service of process and other pleadings on foreign defendants. For the reasons

7

explained below, the Court concludes that service was proper and the Court may order entry of final default judgments against Deacons, Wheeler and Display.

### A. The Summons and Amended Complaint Were Properly Served on Deacons

Service of process on foreign defendants requires a plaintiff to comply with both U.S. and foreign law. Bankruptcy Rule 7004(a)(1) governs the service of process of a summons and complaint in adversary proceedings, and it incorporates Rules 4(f) and 4(h) of the Federal Rules of Civil Procedure. FED. R. BANKR. P. 7004(a)(1). Here, all of the Defendants are foreign corporations based in Hong Kong. Under Rule 4(h)(2), service of the summons and complaint on a foreign corporation must be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Rule 4(f)(1), which governs service of process upon a foreign defendant, provides that service on an individual in a foreign country may be obtained "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). "Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country." *Hyundai Merch. Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d 1252, 1261 (S.D. Ala. 2012) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)).[2]

---

[2] The United States and China are both signatories of the Hague Convention. *Hyundai*, 878 F. Supp. 2d at 1261; *see also* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Apr. 11, 2018). Because Hong Kong is a Special Administrative Region of China, the Hague Convention is applicable to the Hong Kong defendants. *See* Hague Convention, China Declaration Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited June 28, 2018).

Article 5(a) of the Hague Convention provides that the central authority of the foreign state must serve the documents "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." Hague Convention Art. 5(a). Hong Kong's High Court rules on service of process, to which the Court must look pursuant to Article 5(a), provides that service of process, among other methods, "must be served personally on each defendant by the plaintiff or his agent." *See* High Court Ordinance, (2018) Cap. 4, § 54 (O. 10, r. 1) (H.K.), https://www.elegislation.gov.hk/hk/cap4A?xpid=ID_1438403275124_001. Alternatively, under paragraph 2 Article 5 of the Hague Convention, the documents may also "be served by delivery to an addressee who accepts it voluntarily." Hague Convention Art. 5. In that case, "[t]hat part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document." *Id*.

The Court must also look to both U.S. and foreign law with respect to proof of service requirements. Rule 4(l)(2)(A) sets forth the requirements for proving service on a defendant outside the United States; it provides that such service, "if made under Rule 4(f)(1)," must be made "as provided in the applicable treaty or convention," FED. R. CIV. P. 4(l)(2)(A), namely, here, the Hague Convention. Pursuant to Article 6 of the Hague Convention, the Central Authority shall complete "a certificate in the form of the model annexed to the present Convention," which "shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered." Hague Convention Art. 6.

Applying these service rules here, the Plaintiff properly served the Summons and Amended Complaint on Deacons at its address in Hong Kong. The Summons adequately

9

advises the Defendant, in bold capital letters, of the consequences of failing to respond to the Summons and Amended Complaint—namely, the entry of a default judgment. The Plaintiff caused the bailiff's assistant of the High Court of Hong Kong,[3] to personally serve the Summons and Amended Complaint on the Defendant at its Hong Kong address on December 28, 2017, and the Defendant's secretary voluntarily accepted service. (*See* First Certificate of Service; Affirmation of Service.) Article 5(a) of the Hague Convention, which refers to Hong Kong's High Court rules on service of process, authorizes service of the documents personally on the defendant. The requirements for proper service of process under Article 5(a) of the Hague Convention have been met.

Similarly, and for the avoidance of doubt, the second paragraph of Article 5 "always" authorizes, "[s]ubject to sub-paragraph (b)," service by delivery to an addressee who accepts it voluntarily. Hague Convention Art. 5. Sub-paragraph (b) of Article 5 only precludes service through delivery to an addressee who accepts it when "such a method is incompatible with the law of the State addressed." *Id.* Art. 5(b). But as previously explained, Hong Kong law specifically authorizes service personally on the defendant. Accordingly, because Deacons' secretary voluntarily accepted service of the Summons and Amended Complaint, the requirements of paragraph 2 of Article 5 is also met.

Further, Article 6 of the Hague Convention requires proof of service through production of a certificate, which must include information such as the date and location of service, the means of service used under Article 5, or the identity of the person to whom the documents have been delivered. *Id.* Art. 6. Here, the First Certificate of Service only states that service has been

---

[3] The High Court of Honk Kong is the Central Authority in Hong Kong to enforce the applicable provisions of the Hague Convention. *See* Hague Convention, Authorities, https://www.hcch.net/en/states/authorities/details3/?aid=394 (last updated Nov. 28, 2018).

10

served on December 28, 2017 at Deacons' address in Hong Kong, but is silent as to the other required information. (*See* First Certificate of Service.) However, this missing information was supplied in the Affirmation of Service completed by the bailiff's assistant of the High Court of Hong Kong. The Affirmation of Service provides that Deacons was served, *inter alia*, with the Summons and Amended Complaint and with a "summary of the document to be served." (*See* Affirmation of Service.) The identity of Deacons' secretary, who voluntarily accepted the documents on behalf of Deacons, in compliance with Article 5 of the Hague Convention, is also stated. The Court is satisfied that the requirements for service of process under Article 5 and Article 6 of the Hague Convention are met, such that the Court concludes that the Defendant was adequately served with the Summons and Amended Complaint.

**B.    The Certificate of Default, Motion, Declaration, and Notice of Presentment Were Properly Served on Deacons**

Rule 5, made applicable in bankruptcy by Bankruptcy Rule 7005, sets forth the requirements for serving judicial documents other than the summons and the complaint. *See* FED. R. BANKR. P. 7005. Under Rule 5(b), service of such documents may be effected on the defendant in a number of ways, including "mailing it to the person's last known address—in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(C). Rule 5 does not distinguish between domestic and foreign defendants, such that Rule 5(b) also applies to service of judicial documents other than the summons and complaint to foreign defendants. In addition, as explained above, the Hague Convention only applies to service of process on foreign defendants, and thus excludes service of judicial documents other than the summons and complaint. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1509 (2017) (holding that the application of the Hague Convention is limited to the *service of documents*, and such language does not include "communications that do not culminate in service") (quoting *Schlunk*, 486 U.S.

11

at 701); *see also Schlunk*, 486 U.S. at 700 (defining service of process as "a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action"). Accordingly, service of the Certificate of Default, Motion, Declaration and Notice of Presentment on Deacons is adequate if those documents are mailed to Deacons' last known address.

Here, the Clerk of the Bankruptcy Court issued the Certificate of Default on April 19, 2018, and the Certificate of Notice, apprising Deacons of the issuance of the Certificate of Default, shows that the Plaintiff served the Certificate of Default on the Defendant at its address in Hong Kong by first class mail on April 21, 2018. (*See* Certificate of Notice.) Shortly thereafter, on April 30, 2018, the Plaintiff filed its Motion for entry of default judgement and supporting Declaration, and Notice of Presentment. The Second Certificate of Service shows that these three documents were mailed to Deacons' partner at Deacons' last known address by regular mail on April 30, 2018. The Court thus concludes that the Certificate of Default, Motion, Declaration and Notice of Presentment were properly served on the Defendant pursuant to Federal Rules of Civil Procedure 5 by first class mail.

### C.      **The Sum Requested by the Trustee is for a Sum Certain**

The Motion seeks entry of default judgment in the amount of $14,558.55, plus interest of $98.44 and costs of $350.00 for a total judgment of $15,006.99 as of April 30, 2018, with interest continuing to accrue at a daily rate of $0.46. (Mot. at 2.) The Motion is supported by the Declaration, which attaches copies of the bank statements evidencing the transfers and their amounts that the Plaintiff seeks to avoid and recover. (Decl. at 22–23.) The Court is satisfied that these amounts are for sums certain.

### III. CONCLUSION

The Court concludes that it may order entry of final default judgments in each of the three adversary proceedings against Deacons, Wheeler and Display. All three Defendants were properly served, first with the summons and amended complaints by personal service, then by mail with the certificates of default, motions for entry of default judgments and supporting declarations, and notices of presentment for orders granting default judgments. Each of the Defendants failed to respond to the summons and complaint, or otherwise appear in the actions. The fact that the three Defendants are located in Hong Kong does not save them: The Plaintiff complied with the applicable provisions of the Hague Convention, Hong Kong law and U.S. bankruptcy law.

The Motions for entry of default judgments are **GRANTED**. Separate Judgments will be entered in each of these Adversary Proceedings providing the specific amounts to be awarded to the Plaintiff.

Dated: June 29, 2018
       New York, New York

                                         _____*Martin Glenn*_____
                                          MARTIN GLENN
                                United States Bankruptcy Judge